IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 6, 2008

**TARKIS JONES v. STATE OF TENNESSEE**

**Appeal from the Criminal Court for Shelby County**
**No. P-28338     W. Fred Axley, Judge**

**No. W2007-01165-CCA-R3-PC   -   Filed May 28, 2008**

The petitioner, Tarkis Jones, sought post-conviction relief after pleading guilty to charges of second degree murder, unlawful possession of a weapon, and assault. The Shelby County Criminal Court denied relief after an evidentiary hearing. On appeal, the petitioner argues that his guilty plea was unlawfully induced and that he received the ineffective assistance of counsel. We affirm the denial of post-conviction relief.

**Tenn. R. App. P. 3; Judgment of the Criminal Court Affirmed**

JAMES CURWOOD WITT, JR., J., delivered the opinion of the court, in which DAVID H. WELLES and DAVID G. HAYES, JJ., joined.

Larry Copeland, Memphis, Tennessee, for the appellant, Tarkis Jones.

Robert E. Cooper, Jr., Attorney General and Reporter; Lacy Wilber, Assistant Attorney General; and Alexia Fulgham, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

On May 12, 2003, the petitioner pled guilty in Shelby County Criminal Court to second degree murder, *see* T.C.A. § 39-13-210 (2003); assault, *see id* § 39-13-101; and unlawful possession of a weapon, *see id.* § 39-17-1307. For the charge of second degree murder, the petitioner was sentenced to 13.5 years at 100 percent in the Department of Correction. For the charges of assault and unlawful possession of a weapon, the petitioner was sentenced to 11 months, 29 days, to be served in the workhouse, and to run concurrently with the murder sentence.

The defendant filed a petition for post-conviction relief on April 14, 2004, which was amended on September 23, 2004, and October 5, 2004. An evidentiary hearing was held on December 7, 2006, and the post-conviction court denied the petition on April 9, 2007.

At the post-conviction hearing, the petitioner testified that he pled guilty because lead counsel told him it was in his best interests and that he could not be successful at trial. The

petitioner insisted that a more thorough investigation by counsel, including interviews with Dianne Pinkins, Antonio Grayer, Tyrone Bassett, and Rufus Gladness, would have supported his claim that he was not the shooter in the homicide. He testified that after being appointed to replace a prior attorney, counsel only visited him in prison once, when he had a plea agreement to present him. According to the petitioner, counsel never showed him evidence of any additional investigation and never reviewed any witness statements or photos with him. The petitioner testified that he asked counsel to prepare several motions that were never filed.

On cross examination, the petitioner admitted that no one coerced him to accept the plea agreement. He was confused about his legal rights because he "didn't really understand the system and didn't really understand what [counsel] was saying to me at the time, because I was probably, eighteen years old. . . . and just didn't really understand the law and the words and stuff that he was explaining to me at the time." The petitioner testified that counsel told him he wouldn't have to serve more than six or seven years in confinement, and that he did not express any of his concerns to the judge because he was young and did not know he could do that.

Antonio Turner testified that he gave a statement to the police which implicated the petitioner as the shooter. He admitted that this statement was false and that "[i]t was because all of the pressure was on me and they was saying that I had done the murder, or whatever, and I wasn't just trying to be caught up in this."

Counsel testified that he has been a licensed attorney practicing criminal law in Tennessee since 1982. He has participated in "three or four hundred" jury trials and "[p]robably, several thousand" guilty pleas. Counsel explained that a public defender was originally assigned to the case until a conflict developed. When the trial court appointed him as substitute counsel, the case was already set for trial. Counsel testified that when he was appointed to the case, the plea agreement being offered by the state was for 15 years.

Counsel testified that "the case was already investigated by the public defender's office. And I recall, specifically, stating on the record when he appointed me, that the case had already been investigated." His records indicated that he met with the petitioner "about six, or seven times, at least, it may be more than that," over the one-year period he participated in the case. Counsel testified that the only thing petitioner ever sought was a plea agreement sentencing him to 13.5 years, and when the State offered 13.5 years, the petitioner agreed to accept it.

Counsel insisted he counseled the petitioner on his rights and the consequences of pleading guilty, and he spent a "great deal of time going over these things" because of the petitioner's young age. The petitioner never indicated to him he would rather go to trial. Counsel had no recollection of being told by petitioner of a need to interview Mr. Turner. He recalled that Mr. Turner and a second co-defendant gave detailed statements saying the petitioner was the shooter. Counsel testified, "But, if [the petitioner] told me it was important to talk to [Mr. Turner], I wouldn't have felt comfortable proceeding without talking to him." He denied ever telling the petitioner he could not win at trial, stating "I don't talk like that."

On cross examination, counsel testified that he never told the petitioner he would only serve six or seven years in prison. He stated that he made several attempts to contact witnesses, but that they could not be located.

The trial court denied the motion for post-conviction relief, finding specifically that "[t]he fact that the witnesses were not found or re-interviewed does not constitute ineffective assistance of counsel," and that "[b]ased on the testimony, counsel cannot be viewed as rendering ineffective assistance of counsel."

On appeal, the petitioner alleges that his plea was unknowing and involuntary and that trial counsel was ineffective for failing to properly investigate potential witnesses, including several unnamed potential eyewitnesses, along with Antonio Grayer, Mr. Turner, or Dianne Pinkins, and failing to properly explain the circumstances of a guilty plea to the petitioner. Because the post-conviction court's denial of relief is supported in the record, we affirm that court's judgment.

The post-conviction petitioner bears the burden of proving his or her allegations by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). On appeal, the appellate court accords to the post-conviction court's findings of fact the weight of a jury verdict, and these findings are conclusive on appeal unless the evidence preponderates against them. *Henley v. State,* 960 S.W.2d 572, 578-79 (Tenn. 1997); *Bates v. State,* 973 S.W.2d 615, 631 (Tenn. Crim. App. 1997). By contrast, the post-conviction court's conclusions of law receive no deference or presumption of correctness on appeal. *Fields v. State,* 40 S.W.3d 450, 453 (Tenn. 2001).

We will now address the claims of the petitioner individually.

**A. Petitioner's claim that the guilty plea was unlawfully induced and entered without understanding the consequences.**

The petitioner first argues that his guilty plea was unlawfully induced and entered without understanding the consequences. Due process demands that a guilty plea be entered voluntarily, knowingly, and understandingly. *See Boykin v. Alabama*, 395 U.S. 238, 242-44, 89 S. Ct. 1709 (1969). "[T]he core requirement of *Boykin* is 'that no guilty plea be accepted without an affirmative showing that it was intelligent and voluntary.'" *Blankenship v. State*, 858 S.W.2d 897, 904 (Tenn. 1993) (quoting *Fontaine v. United States*, 526 F.2d 514, 516 (6th Cir. 1975)). The plea must represent a "voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31, 91 S. Ct. 160 (1970). A plea is involuntary if the accused is incompetent or "if it is the product of 'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *Blankenship*, 858 S.W.2d at 904 (quoting *Boykin,* 395 U.S. at 242-43).

In this case, the petitioner testified that he made the choice to plead guilty based upon his belief that he could not be successful at trial. Although he claimed that he did not completely understand his legal options, the petitioner acknowledged that his counsel explained the consequences of the guilty pleas to him. Counsel testified that he discussed the State's evidence facing the petitioner and that it was the petitioner's choice to plead guilty. The petitioner testified

that he was advised of his rights before entering his pleas. Moreover, nothing in the transcript suggests that the pleas were the product of "'ignorance, incomprehension, coercion, terror, inducements, [or] subtle or blatant threats.'" *See Blankenship,* 858 S.W.2d at 904 (quoting *Boykin,* 395 U.S. at 242-43). Under these circumstances, the petitioner has failed to establish by clear and convincing evidence that his guilty pleas were not knowingly, voluntarily, and intelligently entered.

**B. Petitioner's claim of ineffective assistance of counsel.**

The petitioner also argues that he received the ineffective assistance of counsel. The Sixth Amendment of the United States Constitution and article I, section 9 of the Tennessee Constitution both require that a defendant in a criminal case receive effective assistance of counsel. *See* U.S. Const, amend. VI; Tenn. Const, art. I, § 9; *see also Baxter v. Rose*, 523 S.W.2d 930 (Tenn. 1975). "Claims of ineffective assistance of counsel are considered mixed questions of law and fact and are subject to de novo review." *Serrano v. State*, 133 S.W.3d 599, 603 (Tenn. 2004); *see State v. Burns*, 6 S.W.3d 453, 461 (Tenn. 1999). When a defendant claims ineffective assistance of counsel, the court must determine (1) whether counsel's performance was within the range of competence demanded of attorneys in criminal cases, *see Baxter*, 523 S.W.2d at 936, and (2) whether any deficient performance prejudiced the petitioner, *see Strickland v. Washington*, 466 U.S. 668, 694, 104 S. Ct. 2052, 2068 (1984). *See also Powers v. State*, 942 S.W.2d 551, 557 (Tenn. Crim. App. 1996). Courts need not address these components in any particular order or even address both if the petitioner fails to meet his burden with respect to one. *Henley,* 960 S.W.2d at 580.

A reviewing court must indulge a strong presumption that counsel's conduct falls within the range of reasonable professional assistance. *Strickland*, 466 U.S. at 695, 104 S. Ct. at 2070. This court should not second-guess informed tactical and strategic decisions by defense counsel. *Henley*, 960 S.W.2d at 579. We must evaluate counsel's performance from counsel's perspective at the time of the alleged error and in light of the totality of the evidence. *Strickland*, 466 U.S. at 695, 104 S.Ct. at 2070.

However, this court's deference to counsel's tactical decisions will depend upon counsel's adequate investigation of defense options. *Burger v. Kemp*, 483 U.S. 776, 794, 107 S. Ct. 3114, 3126 (1987). Assuming adequate investigation, the fact that a strategy or tactic failed or hurt the defense does not alone support the claim of ineffective assistance of counsel. *Thompson v. State*, 958 S.W.2d 156, 165 (Tenn. Crim. App. 1997); *see also Jerry Whiteside Dickerson v. State*, No. 03C01-9710-CR-00472, slip op. at 3 (Tenn. Crim. App., Knoxville, Sept. 16, 1998).

In sum, a defendant is not entitled to perfect representation, only constitutionally adequate representation. *Denton v. State,* 945 S.W.2d 793, 796 (Tenn. Crim. App. 1996). To show prejudice, the petitioner must demonstrate a reasonable probability that but for counsel's deficient performance, the result of the proceeding would have been different. *Strickland,* 466 U.S. at 694, 104 S. Ct. at 2068. A reasonable probability is "a probability sufficient to undermine confidence in the outcome." *Id.*

The record supports the post-conviction court's determination that the petitioner failed to establish his claims of ineffective assistance of counsel by clear and convincing evidence.

The trial court found that trial counsel performed an appropriate investigation into the case, and that finding is supported in the record. That certain motions were not filed does not per se entitle the petitioner to relief. The Tennessee Supreme Court has consistently held that the entry of an informed and counseled guilty plea constitutes an admission of all of the facts and elements necessary to sustain a conviction and a waiver of any non-jurisdictional defects or constitutional irregularities. *See State v. McKinney*, 74 S.W.3d 291, 306 (Tenn. 2002) (citing *State v. Carter*, 988 S.W.2d 145, 148 (Tenn. 1999); *State v. Pettus,* 986 S.W.2d 540, 542 (Tenn. 1999)).

Finally, of the petitioner's potential witnesses, only Antonio Turner was called to testify at the post-conviction hearing. No evidence instructs us as to what the other alleged witness testimony would provide. "When a [post-conviction] petitioner contends that trial counsel failed to discover, interview, or present witnesses in support of his defense, these witnesses should be presented by the petitioner at the evidentiary hearing." *Black v. State*, 794 S.W.2d 752, 757 (Tenn. Crim. App. 1990). Generally, presenting such witnesses in the post-conviction hearing is the only way a petitioner can establish that "the failure to discover or interview a witness inured to his prejudice . . . or . . . the failure to have a known witness present or call the witness to the stand resulted in the denial of critical evidence which inured to the prejudice of the petitioner." *Id.* Accordingly, even a petitioner who establishes that trial counsel deficiently performed by failing to investigate or call witnesses is entitled to no relief "unless he can produce a material witness who (a) could have been found by a reasonable investigation and (b) would have testified favorably in support of his defense if called." *Id.* at 757-58. Thus, we need not address the effect of any potential trial witness except Mr. Turner.

The claim that counsel failed to utilize potential witness Mr. Turner was dissipated by not only counsel's testimony that Mr. Turner's testimony would not have been beneficial in light of his prior contradictory statement to the police, but also the finding by the post-conviction court that the "Petitioner fail[ed] to prove his claim by clear and convincing evidence." Thus, the petitioner failed to establish prejudice with respect to trial counsel's failure to use any or all of the prospective alibi witnesses at trial.

Having reviewed the petitioner's claims for post-conviction relief and concluded that the record supports the post-conviction court's denial of his claims, we affirm the judgment of the post-conviction court.

_____
JAMES CURWOOD WITT, JR., JUDGE

-5-